IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **VICTORIA DE LA CRUZ** | § | |
| | § | |
| v. | § | A-11-CV-675-AWA |
| | § | |
| **HILLARY RODHAM CLINTON et al.** | § | |

## ORDER

Before the Court is Petitioner's Motion for Judgment on the Pleadings (Clerk's Doc. No. 11) and Respondent's Opposition to Petitioner's Motion for Judgment on the Pleadings (Clerk's Doc. No. 15).

**I.    Introduction**

The petitioner, Victoria De La Cruz, challenges the decision of the Secretary of State to deny her passport application and seeks a declaration that she is a United States national entitled to a passport.[1] De La Cruz alleges that she was born in Austin, Texas, on June 15, 1967, to migrant worker parents who were in the United States illegally at the time of her birth. De La Cruz obtained a Texas birth certificate in 1983.

In May of 2009, De La Cruz applied for a United States passport. By letter dated March 8, 2011, her passport was denied because "the evidence does not sufficiently establish birth in the United States." The letter explained that lacking a United States birth certificate filed at the appropriate state registry within one year of her birth, De La Cruz was required to provide secondary evidence to establish her birth in the United States. The Secretary of State found that De La Cruz failed to provide adequate secondary evidence.

---

[1] In the United States, only the Secretary of State has authority to grant, issue, and verify passports. *See* Exec. Order No. 11295, 31 F.R. 10603 (August 5, 1966), codified as amended at 22 U.S.C. § 211a.

De La Cruz has now filed a Petition for Declaratory, Injunctive and Mandamus Relief requesting that as a matter of law this Court find that: she has produced sufficient "secondary evidence" of her birth in Austin, Texas; that the Travis County Delayed Birth Certificate be considered *prima facie* evidence of Petitioner's birth; that the Court find that denial of Petitioner's passport application was arbitrary, capricious, and contrary to law; that the Court declare that De La Cruz was born in Austin, Texas, and is therefore a United States citizen; and that the Court order Respondent to issue a United States passport to De la Cruz.

## II.      Legal Standard for Judgment on the Pleadings

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).  "A motion brought pursuant to [Rule 12(c) ] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).

In deciding a motion to dismiss or judgment on the pleadings, the Court may consider documents that are essentially "part of the pleadings"—that is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting the motion into one for summary judgment. *See United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

**III. Analysis**

Petitioner in this case disputes the denial of a passport to her by the Secretary of State, claiming that she proffered sufficient evidence of her birth in the United States. There are "two sources of [United States] citizenship, and two only: birth and naturalization." *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898). The Fourteenth Amendment to the United States Constitution declares that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. CONST. AMEND. XIV. Persons who are born in the United States acquire citizenship by birth automatically. *Wong Kim Ark*, 169 U.S. at 703; *see also Miller v. Albright*, 523 U.S. 420, 424 (1998).

A "passport" is defined as a "travel document issued by a competent authority showing the bearer's origin, identity, and nationality if any, which is valid for the admission of the bearer into a foreign country." 8 U.S.C. § 1101(a)(30). Under this authority, the Secretary of State "may grant and issue passports" after considering "a written application" that meets certain criteria established by law. *See* 22 U.S.C. §§ 211a, 213. In particular, "[a] passport may be issued only to a U.S. national." *See* 22 C.F.R. § 51.2.

An applicant for a passport has the burden to establish that she is entitled to a passport by presenting proof of identity and citizenship. *See* 22 C.F.R. § § 51.23, 51.40. To meet this burden, the applicant must provide documentary evidence that she is a United States national. 22 C.F.R. § 51.41. Primary evidence of nationality for a person born in the United States is an official birth certificate filed within one year of the date of birth. *See* 22 C.F.R. § 51.42(a). Alternatively, if an applicant's birth certificate is insufficient to qualify as primary evidence, secondary evidence "includes but is not limited to hospital birth certificates, baptismal certificates, medical and school records, certificates of circumcision, other documentary evidence created shortly after birth but

generally not more than 5 years after birth, and/or affidavits of persons having personal knowledge of the facts of the birth." 22 C.F.R. § 51.42(b).

8 U.S.C. § 1503 allows a plaintiff within the United States who is denied a privilege as a United States national, such as the issuance of a passport, to bring a declaratory judgment action under 28 U.S.C. § 2201. "A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a de novo judicial determination of the status of the plaintiff as a United States national." *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir. 1985); *see also Reyes v. Neelly*, 264 F.2d 673, 674 (5th Cir. 1959) (noting that review under § 1503 is de novo). In an action under § 1503, the plaintiff has the burden of proving, by a preponderance of the evidence, that she is a United States national. *De Vargas v. Brownell*, 251 F.2d 869, 870–71 (5th Cir. 1958); *see also Escalante v. Clinton*, 386 Fed. Appx. 493, 496 (5th Cir. 2010); *Patel v. Rice*, 403 F.Supp.2d 560, 562 (N. D. Tex. 2005). Unlike an action to review the validity of an administrative proceeding, in a declaratory judgment action under § 1503, "[a] ruling of an administrative official denying citizenship has no prima facie effect" on the court's determination. *Liacakos v. Kennedy*, 195 F.Supp. 630, 631 (D. D.C. 1961). "There is no specific list of documents [plaintiff] must use or may use. He must simply demonstrate by a preponderance of the evidence that he was born in the United States." *Rivera v. Albright*, No. 99-C-328, 2000 WL 1514075, at *1 (N.D.Ill. Oct. 11, 2000). However, all doubts regarding citizenship must be resolved in favor of the United States and against the individual claiming citizenship. *See Bustamente-Barrera*, 447 F.3d 388, 395 (5th Cir. 2006).

### 1. De La Cruz's Evidence

Petitioner asserts that she has presented adequate evidence of her birth in the United States. De La Cruz submits the following evidence in support of her Petition:

- A Texas driver's license listing her date of birth as June 15, 1967;

- A delayed Texas birth certificate, entered by Judge Mike Renfro of the Travis County Court on November 18, 1983, listing Petitioner's birth date as June 15, 1967, her birth place as Austin, Texas, and her parents as "Juan Jaimez" and "Guadalupe Rodriguez;"

- A baptism certificate issued on December 15, 1984, by Our Lady of Guadalupe Church in Austin, Texas stating that Petitioner was baptized on December 15, 1984, listing her parents as "Juan Jaimes" and "Guadalupe Rodriguez," and listing her birth date as June 15, 1967;

- An affidavit from Petitioner dated June 16, 2010. In this affidavit, Petitioner explains, inter alia, that she was born "Victoria Jaimez" in Austin, Texas on June 15, 1967; when she was still a baby, her parents took her to Mexico; and because her parents were migrant workers, she and her family traveled back and forth between the United States and different parts of Mexico for much of her childhood;

- U.S. Department of State Birth Affidavits (Form DS-10) from Petitioner's mother; father; family friends Rene Lozano and Carolina Reyes; and mother's cousin Ascension Rodriguez;

- A "Notice of Approval of Relative Immigrant Visa Petition," dated November 4, 2009, for the immigrant visa petition filed by Ms. De La Cruz on behalf of her husband, Antonio Montes De Oca;

- A "Confirmation of Studies" document issued by the General Office of Basic Education, Government of the State of Mexico, stating that their records listed Petitioner as being born in Austin, Texas on June 15, 1967;

- A "Proof of No Registration" document issued by Mexico's National Registry of Population and Personal Identification, asserting that there was no Clave Unica de Registro de Poblacion (abbreviated as "CURP" and translated into English as "Unique Code of Population Registry") "associated with the data in this certificate." This document also lists the following information about Petitioner: "NAME: VICTORIA, FIRST SURNAME: JAIMES, SECOND SURNAME: [BLANK]; DATE OF BIRTH: 06(JUNE)/ 15/ 1967; FEDERAL ENTITY OF BIRTH: BORN IN THE EXTERIOR;"

- A "National Vaccination Card" listing Petitioner's date of birth as June 15, 1967 and her place of birth as Austin, Texas.

Petitioner asserts that she is entitled to judgment on the pleadings because Defendants have failed to allege or prove foreign birth and they have no basis to challenge Judge Renfro's order and the applicability of the Full Faith and Credit statute laid out at 28 U.S.C. § 1739.

### 2. Evidence Before the Court Creates a Fact Question

Defendants assert that this Court should deny Petitioner's motion for judgment on the pleadings because the parties dispute whether or not Petitioner's birth occurred in the United States. In her Petition, Petitioner asserts that her birth occurred in Austin, Texas. In their Answer Defendants deny that Petitioner is a United States citizen. Additionally, Defendants assert that they are in possession of a copy of a Mexican birth certificate for "Victoria Jaimes Rodriguez"[2] listing the date of birth as June 15, 1967, and listing Petitioner's parents, and place of birth as Mexico City. The Mexican birth certificate was registered within weeks of Petitioner's birth. *See* Exhibit B to Defendants' Response. Because there is a dispute about the very material fact of where Petitioner was born, judgment on the pleadings is not appropriate.

### 3. Full Faith and Credit Argument

Petitioner also argues that she is entitled to judgment on the pleadings because the Order by which the Texas judge entered her delayed birth certificate is entitled to full faith and credit under the applicable statute. Under the Full Faith and Credit statute, the Texas birth certificate "shall have the same full faith and credit in every court and office within the United States" as it would receive in a Texas court. 28 U.S.C. § 1739; *see also Mah Toi v. Brownell*, 219 F.2d 642, 643 (9th Cir. 1955). Under Texas law, a copy of a birth certificate "that is certified by the state registrar is prima facie evidence of the facts stated in the record." TEX. HEALTH & SAFETY CODE ANN. § 191.052 (2010).

---

[2]Petitioner's maiden name.

This means that even affording it full faith and credit, Petitioner's delayed Texas birth certificate may be rebutted by other evidence and is not conclusive proof of her Texas birth or United States citizenship. *See Tindle v. Celebrezze*, 210 F.Supp. 912 (D.C. Cal. 1962) (finding a delayed birth certificate issued by a Texas court was not conclusive evidence of the Plaintiff's age). Thus, Petitioner's Full Faith and Credit argument fails and she is not entitled to a judgment on the pleadings on this basis.

## IV. Conclusion

Based on the above, the Court DENIES Petitioner's Motion for Judgment on the Pleadings (Clerk's Doc. No. 11).

SIGNED this 29th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE